PAUL v. NAHL et al.

(Supreme Court, Appellate Division, First Department.　May 10, 1907.)

PLEADING—BILL OF PARTICULARS—APPLICATION—TIME.

Where defendants pleaded a counterclaim for conversion of certain personal property, and there was no allegation in the affidavits in support of an application for a bill of particulars that such bill was required to enable plaintiff to reply, such application, prior to reply filed, was premature.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 977.]

Appeal from Special Term, New York County.

Action by Nellie Paul against Perham W. Nahl and others.　From an order requiring defendants to serve a bill of particulars, they appeal.　Reversed.

Plaintiff sued to recover $1,763.28, with interest and costs, being a balance unpaid after the foreclosure of a chattel mortgage.　Defendants pleaded as a counterclaim that plaintiff had taken into her possession property belonging to ·defendants, consisting of paintings, drawings, etchings, and engravings, of the value of $80,000, and that possession had been demanded by defendant and refused.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Elmer E. Cooley, for appellants.

Hermon H. Shook, for respondent.

INGRAHAM, J.　The pleadings are not a part of the record; but it appears that no reply has been served to the counterclaim set up in the defendants' answer, and there is no allegation in the affidavits upon which the motion was granted that this bill of particulars is required to enable the plaintiff to reply.　The plaintiff certainly knows whether she has received any of the defendants' property, and, while it may be that a bill of particulars would be proper after the case is at issue to prevent surprises at the trial, or to limit the defendants' proof, as there is nothing to show that a bill of particulars was necessary to enable the plaintiff to reply, the application for a bill of particulars was premature.

The order appealed from must be reversed, with $10 costs and dis·bursements, and the motion for a bill of particulars denied, with $10 costs, without prejudice to an application for a bill of particulars after issue is joined.　All concur.